## KECK v. SANDFORD.

(City Court of New York, General Term. February 8, 1893.)

NEGLIGENCE—FAST DRIVING.

In an action for injuries sustained by being run into by defendant's team, where there is no evidence that the team was being driven at an unlawful rate of speed, it is error for the court to refuse to instruct that fast driving is not sufficient, of itself, to establish negligence.

Appeal from trial term.

Action by John Keck against Henry Sandford, as president of the Adams Express Company, to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of defendant's driver running into the wagon of plaintiff. The action was heard before the court and a jury, and resulted in a verdict for the plaintiff, on the 25th day of October, 1892, for the sum of $500. Judgment was entered thereon on the 26th day of October, 1892. An order was entered denying defendant's motion for a new trial. From said judgment and order, defendant appeals. Reversed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Seward, Guthrie & Morawetz, for appellant.
John Fennel, for respondent.

McGOWN, J. After the testimony had been closed, and the trial justice had charged the jury, defendant's counsel made the following request: "Defendant's counsel: I would like your honor to charge the jury that the fact that the driver of the express company was driving fast, as had been testified to in this case, is not sufficient, of itself, to establish negligence, and to charge the defendant with the consequence of negligence. The Court: I decline so to charge." The request was to charge that driving "fast, as testified to on the trial," was not sufficient to establish negligence. The only evidence on the trial as to the rate of speed defendant's driver was driving is that of the plaintiff, who testified "that he [defendant's driver] was driving fast." Ernest Deltz, a witness on the part of the plaintiff, testified that "the Adams Express wagon was being driven so rapidly as to attract my attention." And: "I do not think it took me a second to get up to him. He was going at a pretty fair gait. Running, it would take me about eight seconds to get from my house,—84 to 78. At the time of the accident,

I was where 78 is, on the ground, on the sidewalk. The first thing I saw was this Adams Express wagon going by me at 86. I went to 75, and stood, and saw the accident, and then ran after the Adams Express wagon, and stopped at opposite 76. I am certain of it. Will swear to that." And "that the Adams Express wagon was not going very fast." And: "Question. And, at the time he struck, Adams Express wagon was being driven rapidly? Answer. Yes." Defendant's witness Henry Carey testified that "the rate of speed at which the Adams Express wagon was going was nothing extra," and, on cross-examination, that "the express wagon was traveling, not anything slow, but at a fair gait, too." Defendant's witness Charles O'Rourke, the driver, testified: "I was going up Stanton street at a pretty slow gait." Henry Manning, a witness for defendant, testified that "the express wagon was not going fast at all, but on an ordinary trot." There was no evidence to show that defendant's driver was driving at an unlawful rate of speed. We think that it was error on the part of the trial justice in refusing to charge as requested, and that the request was a proper one, as it bore on a material question in the case, namely, the negligence of the defendant's driver, as evidence was given on the part of plaintiff as to the rate of speed defendant's wagon was being driven, and we cannot say whether it did or did not mislead; but such refusal may have misled the jury upon that particular point, inasmuch, if they believed the testimony of the witnesses as to the rate of speed the wagon was being driven, as such might have affected the minds of the jury, and led them to bring in their verdict in favor of the plaintiff. Even had the evidence been clear that defendant's wagon was being driven fast, that fact alone was not sufficient to support any finding of negligence on the part of the defendant, unless the wagon had been driven at an unlawful rate of speed,—a rate of speed forbidden by law or ordinance,—in which case there would be a presumption of negligence on the part of the driver. In Crocker v. Ice Co., 92 N. Y. 652, the evidence was that the driver was driving the team at "a lively trot." The court say:

"It cannot be held, as a matter of law or fact, that merely driving at the rate of speed stated, in the streets of a city, is negligence. Persons driving in the streets of a city are not limited to any particular rate of speed. They may drive slow or fast, but they must use proper care and prudence, so as not to cause injury to other persons lawfully upon the streets. There was no proof in this case, or at least not sufficient proof for submission to the jury, that the team was driven carelessly, or that the driver was negligent."

The judgment and order herein appealed from must be reversed, and a new trial ordered, with costs to the appellant, to abide the event. All concur.